UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JACQUES MORIAL                                              CIVIL ACTION

VERSUS                                                      NO:  05-0393-MVL-SS

TIM MOORE, ET AL

### AMENDED REPORT AND RECOMMENDATION[1]

On February 14, 2005, the plaintiff, Jacques Morial, filed the complaint in which he named Tim Moore, Angelo Stennis, Paul J. Duplessis, Richard Voyles and Tim Halodek, as defendants alleging they were federal officials who brought about an illegal, unreasonable and unconstitutional search of plaintiff's premises and the seizure of his property. The defendants were identified as special agents of the Federal Bureau of Investigation or agents of the Criminal Investigation Division of the Internal Revenue Service. The plaintiff appears in proper person. Rec. doc. 1.[2]

On November 14, 2005, defendant Richard Voyles filed a motion for more definite

---

[1] On March 6, 2006, the undersigned issued a report and recommendation. Rec. doc. 23. This amended report and recommendation clarifies that the plaintiff failed to appear in response to the call docket. In all other respects the amended report and recommendation is unchanged from the original.

[2] There was no evidence in the record that the defendants were served within 120 days of the filing of the complaint, and the plaintiff was ordered to show cause why the action should not be dismissed. Rec. doc. 2. The plaintiff reported that he was able to serve four of the defendants in June and suggested that the defendants had sought to avoid service. Rec. doc. 3. The four served defendants made appearances. Rec. docs. 8 and 10. The plaintiff was again ordered to show cause why the fifth defendant, Tim Halodek, should not be dismissed without prejudice for failure to prosecute. Rec. doc. 14. On January 9, 2006, the plaintiff's claims against Halodek were dismissed without prejudice. Rec. doc. 19.

statement, which was set for submission on December 14, 2005.  Rec. doc. 17.  Voyles requested that the plaintiff be required to file a Fed. R. Civ. P. 7(a) "Schultea reply" tailored to the defense of qualified immunity.  Schultea v. Wood, 47 F.3d 1427, 1433-34 (5th Cir. 1995).  The plaintiff did not submit any opposition.  The motion was deemed unopposed and meritorious.  The plaintiff was ordered to file a "Schultea reply" by Friday, January 6, 2006.  Rec. doc. 18.  The plaintiff did not comply with this order.  The matter was placed on the call docket.  The plaintiff was ordered to appear in court on February 15, 2006 and was notified that his failure to comply would result in a report and recommendation that the action be dismissed without prejudice for failure to prosecute. Rec. doc. 22.  The plaintiff failed to appear in court on February 15, 2006 in accord with the requirements of the order for the call docket.

The authority of a federal trial court to dismiss a plaintiff's action because of his failure to prosecute is clear.  See Link v. Wabash R. Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 1388 (1962). Rule 41(b) of the Federal Rules of Civil Procedure provides that a Court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the Court.  Larson v. Scott, 157 F.3d 1030, 1032 (5th Cir. 1998).  The court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases.  See Ramsay v. Bailey, 531 F.2d 706, 707-08 (5th Cir. 1976), cert. denied, 429 U.S. 1107, 97 S. Ct. 1139 (1977).

In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the Court's order.  Markwell v. County of Bexar, 878 F.2d 899, 902 (5th Cir. 1989).  Since the plaintiff is

unrepresented, this Court need only consider his conduct in determining whether dismissal of this action is proper under Rule 41(b) of the Rules of Federal Procedure.  A *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law.  Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981).  A *pro se* litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance.  Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir. 1988); Birl, 660 F.2d at 593.  Plaintiff is solely responsible for the failure to comply with the orders of the court.

IT IS RECOMMENDED that plaintiff's complaint be dismissed without prejudice for failure to prosecute and to comply with the undersigned's order that plaintiff file a Fed. R. Civ. P. 7(a) "Schultea reply" tailored to the defense of qualified immunity.

New Orleans, Louisiana, this 6th day of April, 2006.

---
**SALLY SHUSHAN**
**United States Magistrate Judge**